﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181019-734
DATE: February 26, 2019

ORDER

Entitlement to service connection for diabetes mellitus is denied.

Entitlement to service connection for hypotension is denied.

Entitlement to service connection for a forearm skin disability is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran’s diabetes began during active service, or is otherwise related to an in-service injury or disease. 

2. The preponderance of the evidence is against finding that the Veteran’s hypotension began during active service, or is otherwise related to an in-service injury or disease. 

3. The preponderance of the evidence is against finding that the Veteran’s forearm skin disability began during active service, or is otherwise related to an in-service injury or disease. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for diabetes mellitus have not been met. 38 U.S.C. §§ 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307.

2. The criteria for entitlement to service connection for hypotension have not been met. 38 U.S.C. §§ 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

3. The criteria for entitlement to connection for forearm skin have not been met. 38 U.S.C. §§ 1111, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1976 to February 1977.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On July 27, 2018, the Veteran opted to have his claim processed under the rapid appeals modernization program (RAMP) and requested a higher-level review. He was informed that the review would be based on the evidence submitted to VA as of the date of his election.

Following an October 2018 rating decision (higher level review) denying his claims the Veteran appealed to the Board under direct review. 

Legal Criteria 

A veteran is entitled to VA disability compensation if there is disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. § 1131.

To establish a right to compensation for a present disability, the veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

A chronic disease shall be granted service connection although no otherwise established as incurred in or aggravated by service if manifested to a degree of ten percent or more within one year from the date of separation from service. 38 C.F.R. §§ 3.307(a)(3), 3.309. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b).

Analysis

Initially, the Board notes that VA examinations or opinions were not necessary to decide these claims. VA must provide a medical examination where there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service; (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service; and (4) insufficient competent medical evidence on file for VA to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). For all three claims, there was no evidence of an in-service event, injury, or disease was present, or any indication that diabetes mellitus, hypotension, or forearm skin disability may be associated with the Veteran’s service. Accordingly, a VA examination or opinion was not necessary to decide these claims. 

Entitlement to service connection for diabetes mellitus.

Treatment records show that the Veteran has a current diagnosis of diabetes mellitus, type II, with the earliest record of diagnosis being in a January 1987 VA treatment record, ten years post military discharge.

Diabetes mellitus is a chronic disease in accordance with 38 C.F.R. § 3.309. However, as the Veteran’s diabetes manifested more than one year after his February 1977 discharge from the military, he is not entitled to service connection under 38 C.F.R. § 3.309. 

Alternatively, the Veteran is entitled to benefits if the record establishes direct service connection based on evidence of a current disability, an in-service injury or event, and a nexus between the two. 38 C.F.R. § 3.303. 

Notwithstanding the Veteran’s current diagnosis, the record does not establish an in-service injury or event related to the Veteran’s diabetes. The Veteran’s July 1976 enlistment exam is unremarkable, noting good health, with no medication. Similarly, service treatment records show no evidence of dizziness, fatigue, high glucose levels or other symptoms to suggest an in-service event or injury resulting in diabetes. Service treatment records do note complaints of swelling in the Veteran’s feet. Based on these symptoms the Veteran was assessed with a preliminary diagnosis of flat feet. The record does not contain an exit exam. However, a May 1977 VA examination notes normal lymphatic, cardiovascular and genitourinary systems. Thus, there was no showing of an in-service injury or event related to diabetes.

While the Veteran contends that he is entitled to service connection for diabetes mellitus, he has not alleged an in-service injury or event that resulted in his diabetes. Finally, the record contains no medical opinion asserting that the Veteran’s diabetes is the result of an in-service injury or event. 

Ultimately, evidence of record notes a current disability of diabetes mellitus shown approximately 10 years post service, with no evidence of an in-service injury or event, and no medical evidence suggesting an in-service injury or event or a causal connection between the Veteran’s current disability and his military service. Thus, based on the evidence of record, the Board finds that the Veteran is not entitled to service connection for diabetes mellitus. 

Entitlement to service connection for hypotension.

February 2018 CAPRI records show a current diagnosis of hypotension in October 2008. Based on the evidence of record, the Board concedes a current disability. 

Despite the Veteran’s current diagnosis of hypotension, the record does not establish an in-service injury or event. As discussed above, the Veteran’s enlistment exam was unremarkable. Service treatment records contain no complaints of low blood pressure, headaches, dizziness or other symptoms to establish an in-service injury or event. The Veteran’s May 1977 VA examination showed normal blood pressure of 110 over 80. 

There is a notation of hypotension in an October 2008 VA treatment record. The record contains no evidence or medical opinion which suggest that the Veteran’s hypotension was incurred in or aggravated by his military service. Moreover, the Veteran makes no allegations of an in-service injury or event to substantiate his claim. 

Overall, while the record establishes a current disability, there is no evidence of an in-service injury or event to establish service connection. Any current hypotension was not diagnosed until 2008, more than thirty years after service. The record does not establish that this diagnosis is connected to an in-service injury or event or that was incurred in or caused by military service. Accordingly, entitlement to service connection for hypotension is denied. 

Entitlement to service connection for skin forearm.

The Veteran claims entitlement to service connection for a forearm skin disability without providing additional details or information. 

April 2013 CAPRI records note intermittent symptoms of skin rashes. Specifically, the records note skin rashes with stasis changes in February 2012 and pain at rash area in March 2012. More recent VA records note mild allergic dermatitis in the forearm in October 2017 and sun burn like plaques and papules on both forearms in November 2017. By February 2018, the Veteran was noted to have no skin rash. 

Despite evidence of a current skin rash on his forearm, the record does not establish an in-service injury or event related to the Veteran’s rash. In addition to the Veteran’s unremarkable enlistment exam, the Veteran’s May 1977 VA examination noted the Veteran’s skin as normal. The Veteran offers no contentions as to an in-service injury or event, and the record contains no medical opinion establishing that the Veteran’s skin rashes were incurred in or caused by military service. 

(Continued on the next page)

 

Based on the evidence of record, an in-service injury or event is not established, accordingly the Veteran is not entitled to service connection for a skin rash or disorder.

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Wimbish, Associate Counsel